# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALAN R. VAUGHN,

    Plaintiff,

v.

STATE OF NEVADA, *et al.*,

    Defendants.

Case No. 2:07-cv-519-LDG (GWF)

**ORDER**

The plaintiff, Alan R. Vaughn, who is proceeding *pro se*[1], has filed this action naming the State of Nevada and "Mary Doe, Badge No. 1466" as defendants. In his complaint, Vaughn appears to allege that his equal protection and his procedural due process rights were violated on two separate occasions when a Department of Motor Vehicles employee refused to register his vehicle, and that "Nevada Statute NAC 485" is facially

---

[1] In reviewing the complaint, the court is concerned whether it improvidently granted Vaughn's application to proceed in forma pauperis. In his application (filed in April 2007), Vaughn asserts that he does not own any motor vehicles. Yet, in his complaint, he asserts that he purchased a 2000 Cadillac four-door sedan on January 31, 2007. Further, his complaint concerns the denial of registration for that vehicle. Finally, Vaughn alleges in his complaint that he provided the Department of Motor Vehicles with the address of "property he was planning to purchase." Such allegations invite the court to require Vaughn to show cause why he should be permitted to continue to proceed in forma pauperis.

unconstitutional.  The State of Nevada and Deborah Felix (whom the defendants identify as the "Mary Doe" named by Vaughn in his complaint) move to dismiss the complaint (#14) for failure to state a claim.  Vaughn has opposed that motion (#18), and moved for a "judgment of default" (#17).  The defendants oppose the motion for default.

Motion for Default

Vaughn asserts that default must be entered because the defendants failed to timely file an answer to his complaint.  The court would note, however, that the defendants appeared in this action, filing a motion to dismiss, prior to Vaughn's seeking default.  Accordingly, the court will deny the motion for default.

Motion to Dismiss

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts as true the material allegations of the complaint and construes them in the light most favorable to the plaintiff.  *Jacobellis v. State Farm Fire & Cas. Co.*, 120 F.3d 171, 172 (9th Cir. 1997).  A dismissal under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law.  *Lewis v. Telephone Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996).  For a defendant to succeed, it must appear to a certainty that the plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint.  *Jacobellis,* 120 F.3d at 172.  Although allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam), sweeping conclusory allegations do not suffice, *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Construing Vaughn's complaint liberally, it appears that he is alleging that his equal protection and his procedural due process rights were violated on two separate occasions when a Department of Motor Vehicles employee refused to register his vehicle, and that "Nevada Statute NAC 485" is facially unconstitutional.  Vaughn alleges that he initially attempted to register his vehicle in Pahrump without providing proof of a permanent

residence in the county, but was refused. He asserts that he subsequently attempted to register his vehicle by providing the address of a property he intended to purchase, and offering proof of insurance, but was again refused.

To maintain a procedural due process claim, Vaughn must allege that he was denied a constitutionally protected interest *without due process*. Assuming, without so deciding, that Vaughn could show a deprivation of a protected interest, he has not alleged that Nevada lacks any procedural safe guards relative to a DMV employee's refusal to register a vehicle given the circumstances Vaughn alleges in the complaint. Accordingly, the court will dismiss Vaughn's complaint to the extent he seeks to allege a procedural due process violation, but will grant Vaughn leave to amend his complaint.

To maintain his equal protection claim, Vaughn must allege that he was treated differently from similarly situated individuals without a rationale basis for that difference in treatment.[2] The defendants argue that Vaughn's claim must be dismissed because (a) he has not alleged that he was treated differently than other non-residents who seek to register a vehicle, and (b) because the defendants can show a rationale basis for distinguishing between residents and non-residents in the registration of motor vehicles. The former argument is irrelevant, as Vaughn's claim arises, if at all, from his assertion that he was denied registration because of his inability to produce proof of residence. The latter argument is premature. At issue is whether Vaughn's complaint sufficiently alleges a claim, not whether the defendants can refute that claim by offering evidence that a rational basis exists for the distinction. Accordingly, the court will not dismiss Vaughn's equal protection claim.

---

[2] Vaughn has not alleged any fact that could be construed to suggest that he is a member of a protected class, or that he was treated differently because of his membership in the protected class.

3

1    Finally, as to facial challenge to "Nevada Statute NAC 485," the court agrees that
2 the allegation is so vague as to require dismissal. Vaughn has not identified the specific
3 statute which he alleges to be facially unconstitutional, but has instead merely identified an
4 entire chapter of statutes. The court will dismiss the facial challenge without prejudice.

5    The defendants also seek the dismissal of Deborah Felix, asserting that she is
6 entitled to qualified immunity for the acts she performed, as alleged in the complaint. At
7 most, Vaughn's complaint alleges that Felix applied certain Nevada statutes consistent with
8 the language of those statutes. In his opposition, Vaughn appears to argue that Felix acted
9 contrary to the statutes, and denied his registration even though he had established that he
10 had complied with the statutes. Vaughn's argument is unsupported by the language of his
11 complaint. Accordingly, the court will dismiss Felix.

12    Therefore, for good cause shown,

13    THE COURT **ORDERS** that Plaintiff Alan Vaughn's Motion for Default (#17) is
14 DENIED.

15    THE COURT FURTHER **ORDERS** that Defendants' Motion to Dismiss is GRANTED
16 in part and DENIED in part as follows. Vaughn's complaint is DISMISSED as to Deborah
17 Felix. Vaughn's complaint is DISMISSED without prejudice as to his claim for a procedural
18 due violation and as to his facial challenge to the constitutionality of "Nevada Statute NAC
19 485." Defendants' Motion to Dismiss is DENIED as to Vaughn's equal protection claim.

20    THE COURT FURTHER **ORDERS** that, if Vaughn intends to pursue his procedual
21 due process and facial challenge claims, he must file an amended complaint not later than
22 15 days after this order is entered and served.

23    THE COURT FURTHER **ORDERS** that, not later than 15 days after this order is
24 entered and served, Alan Vaughn SHOW CAUSE why he should be permitted to continue
25 to proceed *in forma pauperis* given his admission that he purchased a vehicle in January
26

4

2007, which vehicle he registered in Arizona in February 2007, but which vehicle he did not disclose in his application to proceed *in forma pauperis*, which he filed in April 2007.

DATED this ____ day of March, 2008.

_____
Lloyd D. George
United States District Judge